COMMONWEALTH *vs*. FARNEY E. NUBY.

No. 91-P-896.

Plymouth. February 11, 1992. - April 1, 1992.

Present: JACOBS, GILLERMAN, & PORADA, JJ.

*Rape. Indecent Assault and Battery. Unnatural Sexual Intercourse. Due Process of Law*, Vagueness of statute. *Practice, Criminal*, Instructions to jury.

Evidence at the trial of indictments for forcible rape of a child and indecent assault and battery on a child under the age of fourteen that the defendant compelled the child victims to perform acts of unnatural sexual intercourse upon a nonconsenting third party was sufficient to support the defendant's convictions [361-362]; and there was no merit to the defendant's claim that he did not have fair notice that his conduct was proscribed by law [363].

At a criminal trial there was no error in the judge's instructions to the jury. [363-364]

INDICTMENTS found and returned in the Superior Court Department on June 20, 1990.

The cases were tried before *Richard G. Stearns*, J.

*Robert L. Sheketoff* for the defendant.

*Mary O'Sullivan Smith*, Assistant District Attorney, for the Commonwealth.

PORADA, J. The defendant was found guilty of forcible rape of a child (G. L. c. 265, § 22A) and indecent assault and battery upon two children under the age of fourteen (G. L. c. 265, § 13B) by a jury in the Superior Court. On appeal, the defendant claims that the trial judge erred in denying his motion for a required finding of not guilty on these charges because the Commonwealth's case did not rest on a theory of joint venture but on proof that he had forced the victims to engage in sexual activity with a third party. The defendant also claims that the judge's instructions to the jury

were erroneous because they did not address the defendant's culpability based on a theory of vicarious liability. We affirm the convictions.

We summarize the evidence presented by the Commonwealth. The defendant went to live with his girlfriend and her two sons, ages ten and twelve, in July, 1989. Shortly after he moved in, the defendant began to engage in a recurring pattern of physical abuse of his girlfriend and her two children. He would take the boys, who weighed forty-seven and forty-six pounds, and slam them head first onto the floor. If their mother attempted to intervene, he would order her out of the way or hit her. In addition to the physical abuse, the defendant forced the boys to engage in sexual activity with their mother. With threats of physical injury to the mother and her sons, the defendant made the children fondle their mother's breasts and on one occasion, while constraining the mother, he forced the youngest son to perform cunnilingus on her.

The defendant argues, absent proof of a joint venture with the children's mother, he cannot be convicted of these crimes or, if he can be convicted, that he has been deprived of due process because he did not receive fair notice that his conduct was proscribed by G. L. c. 265, § 22A (forcible rape of a child), and G. L. c. 265, § 13B (indecent assault and battery on a child under fourteen). The defendant bases his argument on our holding in *Commonwealth* v. *Guy*, 24 Mass. App. Ct. 783 (1987), in which we determined that two male defendants who forced a victim to perform cunnilingus on two consenting females were guilty of rape under G. L. c. 265, § 22. The two consenting females were also indicted for rape. Here, the defendant is the only criminal actor because he forced the mother to participate in the sexual activity. Consequently, the defendant argues that he cannot be convicted of these crimes. We disagree.

While it is true that the defendants in *Guy* were tried under a theory of joint venture, the principal issue in that case was whether the defendants could be found guilty of rape where the victim was forced to perform the acts of un-

natural sexual intercourse upon consenting third parties. There we determined that the rape statute did not require that the unnatural sexual intercourse be performed or committed upon the victim named in the indictment or that the sexual contact involve penetration of the victim by the perpetrator. *Id.* at 786. We concluded that the "broad language of G. L. c. 265, § 22(*a*), . . . [is] designed to punish the outrage of compelled sex, [and] a person who forces a victim to perform cunnilingus on someone should be guilty of rape." *Id.* at 787.

We see no reason to distinguish the defendant's conduct in this case from that of the defendants in *Guy* simply because he was not engaged in a joint venture with the third party. The result is the same, for the essence of the offense "is the outrage of compelled sex." *Commonwealth* v. *Guy*, 24 Mass. at 787. See also *Commonwealth* v. *Gallant*, 373 Mass. 577, 590 & n.17 (1977). Other jurisdictions have reached similar results. See *Cody* v. *State*, 361 P.2d 307 (Okla. Crim. App. 1961) (husband guilty of rape where he forced wife and third person to engage in sexual intercourse); *State* v. *Blackwell*, 241 Or. 528 (1965)(husband guilty of rape where he forced wife and another man to engage in sexual intercourse); *State* v. *Thomas*, 619 S.W.2d 513 (Tenn. 1981) (defendant guilty of rape where he forced wife at gun point to perform fellatio on husband). Further, the Legislature has purposefully not defined the coercive sexual intrusions which are encompassed by the term "unnatural sexual intercourse" as used in G. L. c. 265, § 22A, as appearing in St. 1974, c. 474, § 2. *Commonwealth* v. *Gallant*, 373 Mass. at 590. The term is sufficiently broad to include the defendant's conduct in this case. We hold that where the defendant forced his girlfriend's son to penetrate her vagina with his tongue and fingers, the defendant is guilty of forcible rape of a child under G. L. c. 265, § 22A. Similarly, where the defendant forced the children to fondle their mother's breasts, he is guilty of indecent assault and battery under G. L. c. 265, § 13B. In each case, the gravity of the conduct rises to the level which these statutes were designed to prohibit.

To hold the defendant culpable under these statutes does not deprive him of due process of law. "A penal statute must 'define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited . . . .'" *Commonwealth* v. *Williams*, 395 Mass. 302, 304 (1985), quoting from *Kolender* v. *Lawson*, 461 U.S. 352, 357 (1983). "[A] sufficiently definite warning of criminal culpability may be achieved through judicial application of the statute to the same or similar conduct." *Commonwealth* v. *Benoit*, 26 Mass. App. Ct. 641, 646-647 (1988). See *Commonwealth* v. *Balthazar*, 366 Mass. 298, 300 (1974). The conduct engaged in by the defendant falls within the boundaries of the conduct proscribed by our decision in *Commonwealth* v. *Guy*, 24 Mass. App. Ct. at 784-787, which was decided approximately two years before the defendant's actions in this case. This decision served as fair notice to the defendant. Further, we find it impossible to believe that any competent adult would be surprised that this conduct would be proscribed. See *Commonwealth* v. *Benoit*, 26 Mass. App. Ct. at 647.

There is no merit to the defendant's claim that the trial judge's instructions were erroneous because they did not address the defendant's guilt based on a theory of vicarious liability. The judge's instructions were predicated on our holding in *Commonwealth* v. *Guy, supra.* In the charge on forcible rape of a child, the judge told the jury that the defendant could be found guilty if the Commonwealth proved beyond a reasonable doubt that the child acted at the direction of the defendant and was compelled to engage in unnatural sexual intercourse with his mother either by force or by threat of bodily injury from the defendant. In the charge on indecent assault and battery, the judge informed the jury that the contact must be intentional and that the child must be under fourteen. He also defined what constitutes indecent or offensive conduct and told the jury that the perpetrator need not himself perform the indecent touching if he directs or commands the victim to touch a third person in a manner

that would be offensive. We conclude these instructions were adequate.

Even if they were not, we note that at trial the defendant did not object to the absence of a vicarious liability instruction. Rather, his objection was based on the lack of a joint venture instruction. As a result, our review would be limited to whether the judge's instructions created a substantial risk of a miscarriage of justice. *Commonwealth* v. *O'Connor*, 407 Mass. 663, 667 (1990). There was no such risk in this case.

*Judgments affirmed.*