# RESCRIPT OPINIONS.

COMMONWEALTH *vs.* BRIAN TAYLOR.[1] No. 98-P-509. August 22, 2000. *Indecent Assault and Battery.*

The defendant was charged in a five-count indictment with four counts of rape of a child under the age of sixteen by force (G. L. c. 265, § 22A) and one count of indecent assault and battery of a child under the age of fourteen (G. L. c. 265, § 13B). After a jury trial in the Superior Court, the defendant was convicted only of the count charging him with indecent assault and battery; he was acquitted of three of the counts charging rape and a mistrial was declared on the fourth count of rape when the jury was unable to reach a verdict.

On appeal, the defendant raises various issues. He challenges (1) the sufficiency of the evidence; (2) the scope of fresh complaint evidence; (3) the failure of the judge to give a limiting instruction when the fresh complaint evidence was admitted; (4) the judge's failure to give a specific unanimity instruction; and (5) his trial counsel's effectiveness where counsel failed to object at numerous points during the trial.

In order to prove a charge of indecent assault and battery, the Commonwealth must prove beyond a reasonable doubt that the defendant committed an intentional, unprivileged, and indecent touching of the victim. See *Commonwealth* v. *Mosby*, 30 Mass. App. Ct. 181, 184 (1991). Because the defendant moved for a required finding of not guilty at the close of the Commonwealth's case in chief, we review the evidence as it stood at that time. See *Commonwealth* v. *Cordle*, 412 Mass. 172, 173-174 (1992). See also *Commonwealth* v. *Molloy*, 44 Mass. App. Ct. 306, 310 (1998) (Brown, J., concurring). The Commonwealth tried the charge of indecent assault and battery on the theory that either the defendant had "made" the victim touch his penis, or that he touched the victim's buttocks with his penis.

Both the victim and her mother testified for the Commonwealth. The mother testified, in relevant part, that on several occasions, the defendant was naked in front of the victim (his daughter), and that on some occasions the victim had reached for the defendant's penis. The mother, however, never testified that the defendant had said or done anything to cause the victim to touch his penis.

The victim testified that, among other things, she had never touched the defendant's penis but that the defendant did touch her buttocks with his penis.

---

[1]This case was argued before Justices Kass, Smith and Spina. Following the appointment of Justice Spina as an Associate Justice of the Supreme Judicial Court, Justice Gelinas was added to the panel and participated in the decision.

The latter conduct was sufficient to withstand the defendant's motion for a required finding of not guilty at least in regard to that one incident.

As we have stated, however, the Commonwealth based its case in regard to the indecent assault and battery indictment on two separate incidents. While there was evidence to support the Commonwealth's theory that the defendant had inappropriately touched the victim's buttocks, there was no evidence that the defendant had asked the victim to touch his penis or intended that the victim touch his penis. See *Commonwealth* v. *Conefrey*, 420 Mass. 508, 510 (1985). See also *Commonwealth* v. *Maloney*, 23 Mass. App. Ct. 1016, 1017 (1987) ("Commonwealth had the burden of proving beyond a reasonable doubt that the touching had not been accidental.") Therefore, the judge should not have allowed the jury to consider whether the defendant was guilty of indecent assault and battery based on the alleged penis touching incident.[2]

Because there was a general verdict, we do not know whether the jury found the defendant guilty of the incident where the victim allegedly reached out for his penis, or whether the verdict was based on the evidence that he touched the victim's buttocks with his penis. Therefore, because "there was insufficient evidence to justify submission of the case to the jury on [one theory], there must be a new trial because we do not know the theory or theories on which the jury reached their verdict[] of guilty." *Commonwealth* v. *Fickett*, 403 Mass. 194, 197 (1981).

We need not address the defendant's other issues as they are unlikely to arise at the retrial.

*Judgment reversed.*

*Pamela Nicholson* for the defendant.
*Cynthia M. Pepyne*, Assistant District Attorney, for the Commonwealth.

---

[2]The judge instructed the jury, "the Commonwealth is alleging that [the defendant] committed an indecent assault and battery on [the victim], that is, that he touched his penis to her rectum and caused her to touch his penis."