COMMONWEALTH vs. LAWRENCE DAVIDSON.

No. 05-P-1863.

Hampden. November 13, 2006. - January 18, 2007.

Present: RAPOZA, C.J., ARMSTRONG, & DREBEN, JJ.

*Indecent Assault and Battery. Consent. Practice, Criminal,* Instructions to jury.

Evidence at the trial of indictments charging indecent assault and battery on a child under the age of fourteen, in violation of G. L. c. 265, § 13B, which demonstrated that the defendant had induced the child victim to touch the defendant's penis, was sufficient to support the defendant's convictions under that statute [73-76], and the judge did not err in instructing the jury that they were allowed to convict the defendant on proof that he intentionally permitted the victim to touch him [76].

INDICTMENTS found and returned in the Superior Court Department on November 14, 2002.

The cases were tried before *John A. Agostini,* J.

*John M. Thompson* for the defendant.

*Thomas H. Townsend,* Assistant District Attorney, for the Commonwealth.

DREBEN, J. The primary issue before us is whether a defendant, who did not himself commit the touching, may be convicted of indecent assault and battery on a child under the age of fourteen. G. L. c. 265, § 13B.[1] The convictions were based on evidence that the child, induced by the defendant, touched the defendant's penis with her hand and rubbed it with her nose. We conclude that a finding that such actions occurred establishes offenses

[1] In relevant part, G. L. c. 265, § 13B, as amended through St. 1986, c. 187, provides:

"Whoever commits an indecent assault and battery on a child under the age of fourteen shall be punished . . . .

". . .

under the statute. Accordingly, we affirm the defendant's convictions of two counts of indecent assault and battery on a child.[2]

That the touching occurred is not in dispute, and the jury were warranted in finding the following facts. The defendant was the victim's mother's boyfriend and lived with the mother and the victim when she was ten years old. On several occasions during that period, when the child was alone with the defendant, they would play hide and seek, the defendant in his underwear and she in her clothes. After the game, when he found her, she "had to touch the thing." She also rubbed his "private" with her nose. It was not her idea and she did not want to do it; she thought it was his idea. These touchings or rubbings took place in the bathroom with the defendant watching the victim while she touched him. She touched him with her hand on three occasions, each lasting about six minutes; the touching with her nose occurred twice, each episode lasting "probably five minutes."

The defendant told her not to tell anybody. He and the victim's mother gave her a "picture of God" which the victim placed above her bottom bunk bed, on the underside of the upper bunk. When she went to bed, she would pray with the defendant. He asked her to " '[r]epeat after me,' to say I will always not tell anybody what happened."

1. *Commission of the battery.* Several times during the trial, the defendant moved for required findings of not guilty,[3] and he also objected to the judge's instructions, claiming that the offenses required that the defendant touch the child.

It is true that our cases discussing indecent assault and battery often state that the Commonwealth is required to prove beyond a reasonable doubt that the defendant committed an intentional, unprivileged, and indecent touching of the victim.

"In a prosecution under this section, a child under the age of fourteen years shall be deemed incapable of consenting to any conduct of the defendant for which said defendant is being prosecuted."

[2]Count 2, based on a touching of the victim by the defendant, was nol prossed by the prosecution because of insufficient evidence.

[3]He filed such motions after the Commonwealth's opening, after the Commonwealth's case, and after the defendant's case.

See, e.g., *Commonwealth* v. *Mosby*, 30 Mass. App. Ct. 181, 184 (1991); *Commonwealth* v. *Vazquez*, 65 Mass. App. Ct. 305, 306 (2005). See also *Commonwealth* v. *McCan*, 277 Mass. 199, 203 (1931) (assault and battery is the "intentional and unjustified use of force upon the person of another, however slight"). In those cases, and in most cases involving indecent assault and battery, it is the defendant who directly commits the battery. It was therefore unnecessary in those cases to discuss the more unusual situation, as here, where the battery (that is, the touching), although induced by the defendant, is committed by the victim.

In those less frequent situations, however, our cases do not require that the defendant himself perform the touching. Thus in *Commonwealth* v. *Nuby*, 32 Mass. App. Ct. 360, 362 (1992), we held that a defendant who forced the victims "to fondle their mother's breasts" was guilty of indecent assault and battery upon two children under the age of fourteen under G. L. c. 265, § 13B. We also held adequate the judge's instruction that the perpetrator need not himself perform the indecent touching if he directs or commands the victim to touch a third person in a manner that would be offensive. *Id.* at 363-364.[4] Clearly, the defendant in *Commonwealth* v. *Nuby*, *supra*, would have been equally guilty if he had induced the children to fondle him in an indecent manner. *Commonwealth* v. *Taylor*, 50 Mass. App. Ct. 901 (2000), takes this position. That case was tried on the theory that "either the defendant had 'made' the victim touch his penis, or that he touched the victim's buttocks with his penis." *Id.* at 902. While there was evidence that the defendant had touched the victim's buttocks, "there was *no evidence that the defendant had asked the victim to touch his penis or intended that the victim touch his penis*" (emphasis supplied).[5] *Ibid.* Since it was unknown on which theory the jury had reached their verdict, we

---

[4]Cf. *Commonwealth* v. *Guy*, 24 Mass. App. Ct. 783, 786 (1987), a case in which the victim was forced by the defendant, a pimp, to engage in oral sex with two women. We held that there was no requirement under G. L. c. 165, § 22(*a*), that the sexual contact involve penetration of the victim *by the perpetrator*.

[5]In *Commonwealth* v. *Taylor*, *supra* at 901, the mother testified that the defendant was naked in front of their daughter and that on some occasions the daughter had reached for the defendant's penis. We pointed out that "[t]he

reversed the conviction. *Ibid.* Contrary to the defendant's contention, the discussion in *Commonwealth* v. *Taylor, supra,* is, in our view, an implicit statement that the statute would be violated if a defendant induced a child to touch his penis.

The defendant would have us limit *Commonwealth* v. *Nuby, supra,* to cases involving force or threat of force. The explicit foreclosure of the defense of consent in G. L. c. 265, § 13B,[6] see note 1, *supra,* by the legislative establishment of the element of nonconsent, obviates the requirement that the touching was physically harmful or potentially physically harmful to the victim. See *Commonwealth* v. *Burke,* 390 Mass. 480, 483-485 (1983). Absence of consent establishes the crime where there is an offensive touching. *Ibid.*

The Supreme Judicial Court "held that in Massachusetts, as under the common law, 'the words "against [the victim's] will," in the standard definitions [of rape], mean exactly the same thing as "without the victim's consent." ' [*Commonwealth* v. *Burke,* 105 Mass. 376, 377 (1870)]." *Commonwealth* v. *Helfant,* 398 Mass. 214, 220-221 (1986). Also, in *Commonwealth* v. *Colon,* 431 Mass. 188, 191 (2000), the court held that a twelve year old child was incapable of consenting to kidnapping. The taking away of the child from his rightful custodian "is in law deemed to be forcible and against the will of the child." *Ibid.,* quoting from *Commonwealth* v. *Nickerson,* 5 Allen 518, 526 (1863).

We view similarly the legal effect of the child's incapacity to consent under G. L. c. 265, § 13B, and consider *Commonwealth* v. *Nuby, supra* (where the children committed the touching), controlling, even in the absence of force. It is the nonconsensual "affront to the victim's personal integrity," *Commonwealth* v. *Burke,* 390 Mass. at 483, that makes the child's touching of the defendant's penis, when induced by the defendant, an offense. "[T]he gravity of the conduct rises to the level which the[] statute[] [was] designed to prohibit." *Commonwealth* v.

mother, however, never testified that the defendant had said or done anything to cause the victim to touch his penis." *Ibid.*

[6]This provision was enacted in response to *Commonwealth* v. *Burke,* 390 Mass. 480, 485 (1983), a case holding that nonconsent was an element of the crime and that the Legislature had not established an age of consent.

*Nuby*, 32 Mass. App. Ct. at 362. "Like other statutes enforcing 'community values [that] still strongly condemn the sexual victimization of minors,' the purpose of G. L. c. 265, § 13B, is to protect minors from sexual exploitation." *Commonwealth* v. *Conefrey*, 37 Mass. App. Ct. 290, 300 (1994), *S.C.*, 420 Mass. 508 (1995), quoting from *Commonwealth* v. *Benoit*, 26 Mass. App. Ct. 641, 645 (1988).

Our conclusion is also supported by cases which, albeit without discussion, treat actions induced by the defendant, similar to those of the victim in this case, as offenses under G. L. c. 265, § 13B. See *Commonwealth* v. *King*, 445 Mass. 217, 219, 225-226 (2005), cert. denied, 126 S. Ct. 1433 (2006) (defendant asked child to scratch his penis because it was "itchy"). See also *Commonwealth* v. *Fuller*, 399 Mass. 678, 681, 685-686 (1987) (child put her mouth on or around defendant's penis).

2. *Judge's instructions.* The defendant also faults certain of the judge's instructions, set forth in the margin,[7] because the jury were allowed "to convict [him] of assault and battery on proof that he intentionally permitted [the victim] to touch him." For the reasons discussed in part 1 of this opinion, the judge did not err in giving the objected-to instructions.

3. *Other matters.* The defendant's claim that the prosecutor misstated the evidence is refuted by the child's direct testimony, noted earlier, that she "had to touch the thing." The defendant's

---

[7]"The second element the Commonwealth must prove beyond a reasonable doubt is that the Defendant intended to commit the touching, in other words, that the Defendant intended that [the child] touch his penis with her hands with respect to Count 1, and with her face with respect to Count 3. The Commonwealth must prove beyond a reasonable doubt that the touching was not accidental or inadvertent. You, the jury, may or may not infer the Defendant's intent to do the act by considering all of the facts and circumstances as well as the evidence of the Defendant's conduct offered during the trial.

". . .

"Now, the third element. Third, the Commonwealth must prove beyond a reasonable doubt that the Defendant did in fact engage in a touching, however slight. This means in this particular case you must be satisfied that the Commonwealth has proved beyond a reasonable doubt that the Defendant intended and permitted [the child] to touch his penis with her hands, that is Count 1, and touch his penis with her face, that is Count 3. The touching can be done with any part of the Defendant's body."

additional claim that the unobjected-to fresh complaint evidence created a substantial miscarriage of justice is without merit.

*Judgments affirmed.*