COMMONWEALTH *vs.* GLENN PORTONOVA. No. 04-P-1527. July 6, 2007. *Indecent Assault and Battery on a Retarded Person. Consent. Due Process of Law,* Vagueness of statute. *Practice, Criminal* Instructions to jury.

The defendant was convicted of indecent assault and battery on a mentally retarded person (G. L. c. 265, § 13F, as inserted by St. 1973, c. 468) by directing the victim to rub her vagina.[1] He appeals, claiming (1) because the offense is indecent assault and battery "*on* a mentally retarded person" (emphasis supplied), the Commonwealth must show some sexual contact between the perpetrator and the victim, and (2) his conviction must be reversed because the judge incorrectly charged the jury by omitting the element of lack of consent.[2]

1. The victim's testimony included the following. The defendant drove the victim to a motel. Once in the room, the defendant repeatedly told her to take off her clothes; she eventually complied because she was scared. The defendant picked her up and put her on the bed, told her to put baby oil on her stomach, got on top of her, put his penis in her vagina, and pushed her head down so that she would perform fellatio on him. The defendant told her to "play with herself," and she complied because she was scared.

The defendant's argument that G. L. c. 265, § 13F, proscribes only those forced offensive touchings in which the perpetrator directly engages in the "sexual contact" that causes the offensive touching, has been rejected by our cases. See *Commonwealth* v. *Nuby,* 32 Mass. App. Ct. 360, 362 (1992), and the recent case of *Commonwealth* v. *Davidson,* 68 Mass. App. Ct. 72, 74 (2007). In *Davidson,* we pointed out that "our cases do not require that the defendant himself perform the touching." *Ibid.* As in *Nuby* and in *Davidson,*

---

[1]He was indicted and acquitted of two counts of rape and of another count of indecent assault and battery on a mentally retarded person.

[2]The defendant also argues that the judge's instructions after the jury had returned an ambiguous verdict were improper. In view of our reversal of the conviction because of the failure to charge on consent, we do not reach this question.

"[t]he gravity of the conduct rises to the level which the[] statute[] [was] designed to prohibit." *Commonwealth* v. *Davidson*, *supra* at 75-76, quoting from *Commonwealth* v. *Nuby*, *supra* at 362.

We also reject the defendant's argument that the statute as applied is unconstitutionally vague. For the reasons stated in *Commonwealth* v. *Nuby*, *supra* at 363, to hold the defendant culpable does not deprive him of due process of law. *Nuby* was decided in 1992, eight years before the events at issue.

2. Although the judge gave a lack of consent instruction for the rape counts, he did not so charge on the indecent assault and battery counts. The defendant did not object. "[L]ack of consent is an element of the crime of indecent assault and battery, and the Commonwealth has the burdens of production and persuasion." *Commonwealth* v. *Burke*, 390 Mass. 480, 482 (1983). See *Commonwealth* v. *Farrell*, 31 Mass. App. Ct. 267, 268 (1991); *Commonwealth* v. *Shore*, 65 Mass. App. Ct. 430, 431 (2006).

The prosecutor in his opening stated that the "most crucial" decision of the jury was whether there was consent. Consent was the focus of the defendant's defense, and consent was an issue referred to in the opening statements and closing arguments of both counsel. The judge also stated, "Again, we're dealing at its core with a consent case."

Although there was no objection at trial, in this case, where the "core" of the case was consent, and where the defendant was acquitted on all other charges, we consider the failure to charge on consent created a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Hill*, 57 Mass. App. Ct. 240, 248 (2003).

The judgment is reversed, the verdict set aside, and the case is remanded for a new trial.

*So ordered.*

*Jane Shepard* for the defendant.
*Mary E. Lee*, Assistant District Attorney, for the Commonwealth.