NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

12-P-1881                                          Appeals Court

COMMONWEALTH  vs.  CLIFTON HOLBROOK.

No. 12-P-1881.

Suffolk.      June 5, 2014. - September 26, 2014.

Present:  Cohen, Carhart, & Maldonado, JJ.

Indecent Assault and Battery.  Practice, Criminal, Motion to
     suppress, Instructions to jury.  Intent.

     Indictment found and returned in the Superior Court
Department on November 12, 2008.

     A pretrial motion to suppress evidence was heard by Frank
M. Gaziano, J., and the case was tried before Thomas A. Connors,
J.

     William A. Korman for the defendant.
     Donna Jalbert Patalano, Assistant District Attorney, for
the Commonwealth.

     COHEN, J.  After a Superior Court jury trial, the defendant

was convicted of indecent assault and battery of a child under

the age of fourteen, arising from an incident involving his five

year old grandniece.  On appeal, the defendant makes the

following claims:  (1) his motion to suppress statements made during his police interview should have been allowed because he was intoxicated at the time he waived his Miranda rights; (2) it was error to deny his motion for a required finding of not guilty because he was only a passive recipient of the indecent touching and did not intend for it to happen; and (3) the judge erred in instructing the jury as to how the element of intent could be satisfied.  We affirm.

1.  <u>Motion to suppress</u>.  The defendant waived his Miranda rights after having been informed of them twice -- first at booking and again at the beginning of the recorded interview. He affirmed that he understood each of the rights and initialed an acknowledgment.  When asked if he was "under the influence of alcohol or any drugs right now," the defendant responded in the negative.  He now argues that, in fact, he was impaired by alcohol and drugs when he gave the statement, and his waiver therefore was invalid.

The evidence at the motion hearing consisted of an audiotape recording of the interview and the testimony of three witnesses:  the two detectives who conducted the interview, and the defendant's sister.  Because the motion judge considered the audiotape in light of the hearing testimony and made credibility determinations relevant to his subsidiary findings of fact, we

afford those findings substantial deference.  See Commonwealth v. Clarke, 461 Mass. 336, 341 (2012).

The judge found that the detectives had the opportunity to assess the defendant's sobriety, and credited their testimony that the defendant was not under the influence of alcohol or narcotics.  The detectives testified that the defendant had no difficulty walking, did not slur his speech, and appeared to understand the proceedings.  Consistent with the audiotape recording, they also reported that he responded to numerous questions and provided a coherent narrative.

The judge also credited the testimony of the defendant's sister that the defendant had ingested an unknown quantity of alcohol and drugs before going to the police station.  However, the judge found that this did not undermine the testimony of the detectives, given that the interview took place several hours after his sister lost sight of the defendant and, contrary to his sister's description of the defendant's behavior when intoxicated, he was able to answer questions cogently.

Because the judge's findings are warranted by the evidence and fully support the conclusion that the defendant's waiver of his Miranda rights was not rendered involuntary due to intoxication, it was not error to deny the motion to suppress.

2.  Sufficiency of the evidence.  Viewing the evidence in the light most favorable to the Commonwealth, Commonwealth v.

Latimore, 378 Mass. 671, 677 (1979), the jury could have found the following facts.  In July, 2008, the defendant's five year old grandniece and her immediate family were residing with the defendant and other relatives in the defendant's mother's house. The incident in question began when the child entered the defendant's bedroom and asked if she could watch television with him.  The defendant, who was lying in his bed, agreed and allowed the child to get under the blanket with him.  In his statement to the police, the defendant gave the following account of what then transpired.  As they were watching television, the child put her hand in the defendant's pants and "grabbed" his penis, pulling it over the elastic of his underwear.  She "was playing with it . . . like she knew what she was doing" and was "knead[ing]" and "wiggl[ing]" it "like my wife would."  While she did this, the defendant's penis became erect.  The defendant did not stop her for another ten seconds, at which point he told her to leave.  The defendant stated that the child had "played with" his penis for "about a minute."

The defendant claims here, as he did at trial, that he was only a passive participant in the touching and, hence, there was insufficient evidence to prove that he intended to commit the offense.[1]  This argument is without merit.  The fact that the

---

[1] The defendant does not claim that the evidence was insufficient in any other respect.

defendant did not directly perform the touching does not preclude his conviction of indecent assault and battery of a child.  See Commonwealth v. Davidson, 68 Mass. App. Ct. 72, 75-76 (2007) (affirming the defendant's conviction where he encouraged the child victim to touch his penis as part of a game).  See also Commonwealth v. Nuby, 32 Mass. App. Ct. 360, 362 (1992) (affirming the defendant's conviction where he forced the child victims to fondle their mother's breasts).

Furthermore, even when there is "no direct evidence of the defendant's intent," the fact finder may "infer the element of criminal intent from the circumstances."  Commonwealth v. Correia, 381 Mass. 65, 83 (1980).  To be sure, there will be situations where a child's spontaneous initiation of indecent contact with an adult will not give rise to a reasonable inference that the adult possessed criminal intent, such as where the adult immediately calls a halt to the activity.  Here, however, the defendant's intent to commit an indecent assault and battery on the child readily may be inferred.  Even if the child's initial grabbing of the defendant's penis was spontaneous and unexpected, the defendant permitted her to touch him in a sexual manner for "about a minute" before finally telling her to leave the room.  In these circumstances, the jury reasonably could conclude from the defendant's acquiescence in her behavior that he intended the prohibited contact.

Other evidence only bolstered this inference. The child's mother testified before the grand jury that the child had been found in the defendant's bedroom on other occasions. She described one particular instance where she discovered the child and the defendant under the covers together in the defendant's bed. The defendant was at least partially undressed at the time; she could see his bare shoulders and that he was not wearing a shirt. The child's mother also recounted another instance where she found the child seated on the defendant's lap on the back porch of the house. The defendant was wearing a t-shirt and shorts, and the child's hand was inside his shorts up to the middle of her forearm. The mother immediately told the child to get off the defendant's lap and addressed the defendant, saying, "What are you doing? You're a grown man!" The defendant's reply was, "Well, she put it there."

Called by the Commonwealth as a witness at trial, the child's mother claimed not to remember what she told the grand jury. However, after voir dire, the judge found that her lack of memory was feigned. He therefore admitted her grand jury testimony for substantive purposes,[2] subject to a limiting instruction given in the final charge that, if believed, the defendant's prior acts could be used "only for the limited

---

[2] See Commonwealth v. Daye, 393 Mass. 55, 73-75 (1984); Commonwealth v. Sineiro, 432 Mass. 735, 741 (2000).

purpose of what light, if any, [they] cast[] upon [his] motive, intent or state of mind."

Although the defendant all but ignores this evidence in his brief, his earlier behavior with the child solidified the inference that during the incident forming the basis of the charge, the defendant willingly and intentionally engaged in improper contact with her.

3. Jury instruction. The defendant's jury instruction argument fares no better than his argument on sufficiency. The judge instructed the jury that the Commonwealth was required to prove that the defendant intended that the child touch his penis with her hands, and that the Commonwealth had to prove beyond a reasonable doubt that the touching was not inadvertent. He further instructed that, in determining whether to infer intent, they were to consider all of the facts and circumstances. Finally, he told the jury that they must be "satisfied that the Commonwealth has proven beyond a reasonable doubt that [the defendant] intended and permitted [the child] to touch his penis with her hand and that this was not done by any accident and not done by any inadvertence."

The defendant argues on appeal that the use of the phrase "intended and permitted" was error, because the defendant could only be found guilty if he had coerced, cajoled, compelled, or created some incentive for the child to act as she did, as was

true in Commonwealth v. Nuby, 32 Mass. App. Ct. at 362, and Commonwealth v. Davidson, 68 Mass. App. Ct. at 75-76. Passing the question of the applicable standard of review, there was no error in the instruction. Nothing in either Davidson or Nuby limits the proof of intent to commit indecent assault and battery upon a child in the manner posited by the defendant. As previously observed, intent may be proved by circumstantial evidence, including, as here, evidence that the defendant permitted prolonged indecent contact with the child.

Judgment affirmed.