Following a bench trial in the Boston Municipal Court, the defendant, Hakeem Cooper, appeals from his conviction of indecent assault and battery on a person over fourteen, in violation of G. L. c. 265, § 13H. The defendant specifically argues that his motion to dismiss the charge for lack of probable cause and his motions for a required finding of not guilty were denied in error. We affirm.
I. Background. "We summarize the facts as the [trial judge] could have found them, in the light most favorable to the Commonwealth," reserving some facts for later discussion. Commonwealth v. Sanna, 424 Mass. 92, 93 (1997). At the time of the incident, the defendant was an inmate in the segregation unit at the Suffolk County house of correction at South Bay (South Bay). As part of her job responsibilities as a nurse at South Bay, the victim administered medications to the inmates. On June 14, 2014, the victim, accompanied by a corrections officer, William Ward, was administering medication to the defendant through the trap door of his jail cell. According to the victim's testimony, the defendant "had a grin on his face" and "leaned his groin forward and touched [her] hand with his penis through his Long Johns" when she placed a cup of water on the sill within the cut-out of the cell door. The victim pulled her hand back from the door and notified Ward of what had just happened. The victim reported the incident to an assistant deputy superintendent of the Suffolk County house of correction, Brian Dacey. Ward and Dacey each created an incident report and testified at trial.
Ward's incident report, which he read out loud at trial, states that the victim "accused [the defendant] of putting his groin in the region at the trap door of his cell while [the victim] proceeded to give [the defendant] his medication. [The victim's] hand brushed [the defendant's] groin." Ward also testified that at the time of the incident he was looking at the defendant's face through a window in the door and not at the trap door; Ward did not observe the defendant touch the victim or "press anything up against the trap door area."
Dacey's incident report, which was filed with the criminal application, states that the defendant "purposely placed his clothed genitals to the area of the trap door so that [the victim's] hand would come into contact with his genitals."
Prior to his trial, the defendant had moved to dismiss the charge for lack of probable cause. A judge, who was not the trial judge, denied this motion. After the Commonwealth rested at trial, and again at the close of all the evidence, the defendant moved for a required finding of not guilty. The trial judge denied both motions and found the defendant guilty of indecent assault and battery on a person over the age of fourteen.
II. Motion to dismiss the complaint for lack of probable cause. We review a judge's ruling on a motion to dismiss for lack of probable cause de novo. Commonwealth v. Humberto H., 466 Mass. 562, 566 (2013). The defendant argues that the facts presented in the complaint were insufficient to establish probable cause that he committed an indecent assault and battery on the victim. Specifically, there were no facts alleged that "the defendant affirmatively moved his body to contact [her] hand." We disagree.
"The type of conduct that constitutes indecent assault and battery on a person over fourteen years of age is not defined in G. L. c. 265, § 13H. A definition adopted by this court provides: '[a]n indecent assault and battery is essentially an act or series of acts which are fundamentally offensive to contemporary moral values .... [I]t is behavior which the common sense of society would regard as immodest, immoral and improper .... Thus, in order to prove indecent assault and battery, the Commonwealth must prove ... that the defendant committed an intentional, unprivileged and indecent touching of the victim.' " (Footnote omitted.) Commonwealth v. Mosby, 30 Mass. App. Ct. 181, 184 (1991), quoting from Commonwealth v. Perretti, 20 Mass. App. Ct. 36, 43-44 (1985). To overcome a motion to dismiss for lack of probable cause, the complaint application need only set forth " 'reasonably trustworthy information sufficient to warrant a reasonable or prudent person in believing that the defendant has committed the offense.' Probable cause is considerably less than proof beyond a reasonable doubt, so evidence that is insufficient to support a guilty verdict might be more than sufficient to establish probable cause." Humberto H., supra at 565 (citations omitted).
Here, the incident report filed with the criminal application provided facts that the defendant "purposely" moved his body to an area where "[the victim's] hand would come into contact with his genitals." The defendant affirmatively moving his genitals to the area of the trap door where the victim's hand would come into contact with them provided the motion judge with sufficient facts to establish probable cause that the defendant intentionally committed an indecent assault and battery on the victim. The motion judge, therefore, did not err in denying the defendant's motion to dismiss the complaint for lack of probable cause.
III. Motions for a required finding of not guilty. In reviewing a denial of a motion for a required finding of not guilty, we must determine whether the evidence was sufficient to permit any rational fact finder to conclude that the essential elements of the crime had been proven beyond a reasonable doubt. See Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979). The defendant argues that there was insufficient evidence to support a finding that the defendant's act was an offensive or harmful battery, intentional, or indecent. In considering these claims, we take the evidence in the light most favorable to the Commonwealth. See id. at 677.
The defendant maintains that the judge made an impermissible "leap of conjecture" concerning who touched whom because there was differing testimony at trial. We disagree. Inconsistencies in testimony go to the credibility of the witness and do not necessarily affect the sufficiency of the evidence. See Mosby, 30 Mass. App. Ct. at 185. "Once sufficient evidence is presented to warrant submission of the charges to the [fact finder], it is for the [fact finder] alone to determine what weight will be accorded to the evidence." Ibid., quoting from Commonwealth v. Hill, 387 Mass. 619, 624 (1982).
Lastly, despite the defendant's arguments, there was sufficient evidence to permit a reasonable fact finder to conclude beyond a reasonable doubt that the defendant intended to touch the victim, see Commonwealth v. Holbrook, 86 Mass. App. Ct. 391, 393-394 (2014), and that such touching was indecent. See Commonwealth v. Castillo, 55 Mass. App. Ct. 563, 566 (2002) ("A touching is indecent when, judged by the 'normative standard' of societal mores, it is 'violative of social and behavioral expectations,' ... in a manner 'which [is] fundamentally offensive to contemporary moral values ... [and] which the common sense of society would regard as immodest, immoral and improper' " [quotation omitted] ). Considering the circumstances here, the defendant's contact with the victim through the trap door was not inadvertent, and the "common sense of society would regard" an individual touching another with their genitals as "immodest, immoral and improper." Ibid. (quotation omitted).
Thus, the trial judge did not err in finding beyond a reasonable doubt that the defendant's act constituted an indecent assault and battery on the victim.
Judgment affirmed.