NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

23-P-37                                    Appeals Court

COMMONWEALTH  vs.  JOSEPH A. MARTINEZ.

No. 23-P-37.

Plymouth.     November 2, 2023. - March 29, 2024.

Present:  Sacks, Brennan, & D'Angelo, JJ.

Attempt.  Rape.  Indecent Assault and Battery.  Minor.  Consent. Practice, Criminal, Dismissal.


Indictments found and returned in the Superior Court Department on September 27, 2021.

A motion to dismiss was heard by Gregg J. Pasquale, J.


Elizabeth A. Mello Marvel, Assistant District Attorney, for the Commonwealth.
Joshua J. Wood (Moira C. Barry also present) for the defendant.


BRENNAN, J.  The Commonwealth appeals from an order of the Superior Court dismissing indictments against the defendant for attempted rape of a child, attempted indecent assault and battery on a child under fourteen, and attempted indecent

assault and battery on a person aged fourteen or older.  We reverse the order of dismissal.

Background.  In 2019, the defendant was an inmate at a Massachusetts correctional facility.  Over the course of roughly three months, the defendant routinely called his mother from prison.  During these calls, he also spoke to his daughter (child), who lived with the defendant's mother.

The child was thirteen years old when the calls began but turned fourteen years old during the three-month period. Her mother lived out of state, and they had limited contact.  The child had not been in the custody of either parent since she was "two or three years old," and the defendant "had just recently beg[un] speaking with her."  The defendant's conversations during the calls with the child were graphic and "very sexual in nature."  Because the defendant called from a correctional facility, the conversations were recorded.

During one call when the child was thirteen years old, the defendant described how he wanted to have sex with her when they were alone together.  He instructed her how to masturbate and told the child, "you might as well touch yourself now . . . while I'm talking to you."  She told the defendant she could not touch herself at that moment because she was "in the car in front of KFC," but that she would "do it in [her] bedroom."

During another call when the child was fourteen years old, the defendant again described how he would have sex with her when they were alone together. He then instructed the child to masturbate, telling her to lick her finger and "put [her] finger in" and "push it in and go up with your finger," "like you're saying come here." After the child indicated she was not following his directions, the defendant said, "go ahead, you might as well," and the child indicated to him that she had complied.[1]

The grand jury indicted the defendant on charges of (1) attempted indecent assault and battery on a child under fourteen, (2) attempted indecent assault and battery on a person fourteen or older, (3) attempted rape of a child under the age of sixteen, (4) incest, and (5) reckless endangerment of a child. The defendant filed a motion to dismiss. A judge dismissed the first three counts of the indictment, determining that the Commonwealth failed to present sufficient evidence to the grand jury to support the attempt charges.

Discussion. 1. Standard of review. "We review determinations on issues of law in motions to dismiss de novo" (citation omitted). Commonwealth v. Sullivan, 492 Mass. 36, 42

---

[1] At oral argument, the Commonwealth indicated that it did not ask the grand jury to indict the defendant for rape because the victim told investigators that she had not, in fact, put her fingers in her vagina.

(2023). "A grand jury may indict when presented with sufficient evidence of 'each of the . . . elements' of the charged offense." Commonwealth v. Stirlacci, 483 Mass. 775, 780 (2020), quoting Commonwealth v. Moran, 453 Mass. 880, 884 (2009). Evidence is sufficient to indict when it "establish[es] the identity of the accused . . . and probable cause to arrest" for the crime charged. Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982). "Probable cause is a considerably less exacting standard than that required to support a conviction at trial" (quotation and citation omitted). Stirlacci, 483 Mass. at 780. "It requires sufficient facts to warrant a person of reasonable caution in believing that an offense has been committed, not proof beyond a reasonable doubt" (quotation and citation omitted). Id. We review "the evidence underlying a grand jury indictment in the light most favorable to the Commonwealth." Id.

2. Attempted rape of a child and attempted indecent assault and battery on a child under age fourteen. To establish an attempt under the general attempt statute, G. L. c. 274, § 6, the Commonwealth must prove "(1) the specific intent to commit the substantive crime at issue, and (2) an overt act toward completion of the substantive crime." Commonwealth v. LaBrie, 473 Mass. 754, 764 (2016). The "gap between the defendant's actions and the (unachieved) . . . consummated crime . . . must

be relatively short . . . if the defendant is to be held guilty of a criminal attempt." Commonwealth v. Hamel, 52 Mass. App. Ct. 250, 258 (2001). At issue here are (1) whether the defendant's actions, had they succeeded in causing the victim to touch herself, would have constituted indecent assault and battery or rape; and (2) whether there was sufficient evidence of overt acts.[2]

Although both rape and indecent assault and battery require proof of an intentional touching,[3] neither crime requires that the defendant himself perform the touching. See Commonwealth v. Prado, 94 Mass. App. Ct. 253, 258 (1992), quoting Commonwealth v. Guy, 24 Mass. App. Ct. 783, 786 (1987) ("no requirement that the sexual contact involve penetration of the victim by the perpetrator"). See also Commonwealth v. Nuby, 32 Mass. App. Ct.

---

[2] The judge found, and the defendant does not contest in this appeal, sufficient evidence before the grand jury of the defendant's intent to cause the touchings.

[3] "The elements of rape of a child are (1) sexual intercourse or unnatural sexual intercourse with (2) a child under sixteen years of age" (quotation and citation omitted). Commonwealth v. Gonzales Santos, 100 Mass. App. Ct. 1, 2 (2021). See G. L. c. 265, § 23. The child's inability to consent is conclusively presumed. See Commonwealth v. Smith, 431 Mass. 417, 420 (2000). "The elements of indecent assault and battery on a child under the age of fourteen are (1) the child was not yet fourteen years old at the time of the offense, (2) the defendant intentionally touched the child without legal justification or excuse, and (3) the touching was indecent" (quotation and citation omitted). Gonzales Santos, supra. See G.L. c. 265 § 13B (child "shall be deemed incapable of consenting").

360, 361-362 1992). Our cases recognize "the myriad ways by which rape [or indecent assault and battery] is perpetrated, even without physical contact by the defendant." Prado, supra. See id. (victim's fingers inserted into her own vagina by command of armed defendant satisfied physical contact requirement for aggravated rape); Commonwealth v. Davidson, 68 Mass. App. Ct. 72, 74 (2007) (indecent assault and battery where child victim, induced by defendant, touched his penis with her hand and rubbed it with her nose); Nuby, 32 Mass. App. Ct. at 362 (defendant who forced victims "to fondle their mother's breasts" guilty of indecent assault and battery and guilty of forcible rape of a child where defendant forced one victim to perform cunnilingus on the child's mother); Guy, 24 Mass. App. Ct. at 785-786 (defendants who forced victim to perform cunnilingus on two other women guilty of rape). In the context of child sexual assault, evidence is sufficient if it shows that the defendant induced the indecent touching. See Davidson, 68 Mass. App. Ct. at 75. See also Commonwealth v. Gonzales Santos, 100 Mass. App. Ct. 1, 2 (2021) ("A defendant who forces or induces a child to touch the defendant's body in an indecent manner satisfies the intentional touching element"); Commonwealth v. Holbrook, 86 Mass. App. Ct. 391, 395 (2014) (sufficient that defendant "intended and permitted" child to touch defendant's penis; no proof required that he "coerced,

cajoled, compelled, or created some incentive for the child to act as she did").  We thus are unpersuaded by the defendant's argument that some form of coercion is required before a victim's act of touching herself may be attributed to a defendant.

An overt act toward completion of the crimes does not necessarily require that the defendant be within close physical proximity of the victim.  Cf. Commonwealth v. Hall, 80 Mass. App. Ct. 317, 323 (2011) ("by means of modern digital and telephonic technology, a defendant . . . need not be physically present in order to achieve an intended purpose").  While physical proximity is a factor to be considered, it is not essential.  Contrast Commonwealth v. Buswell, 468 Mass. 92, 98-99 (2014) (no attempt where defendant arranged meeting place for sexual encounter with undercover officer posing as thirteen-year-old child but police intercepted defendant before he arrived).

Here, evidence was presented to the grand jury on which it could have found probable cause to believe that the defendant exploited his daughter's loneliness, mental illness, and desperation for affection to induce her actions.  During one telephone call when she was thirteen years old, the defendant talked to the child about her diagnoses of serious mental illness.  The child told the defendant she was "lonely" and

expressed disbelief that anybody would love her.  The defendant told the child that he would love her "forever," and she told him that she was "very vulnerable with [him]" and "loved [him] so much."  The defendant offered the hope of purported paternal affection, companionship, and financial support, saying that he would take her to see movies and buy her clothes after he left the correctional institution.  Cf. Commonwealth v. Armstrong, 73 Mass. App. Ct. 245, 255 (2008) (evidence of nonphysical constructive force for child rape included "the historical and contextual relationship between the victim and the defendant").

The defendant also repeatedly implied to the child that he would stop speaking with her if she told anyone about their calls, telling her she had to keep them a secret "like [her] life depended on it."  If the child did not keep the content of their calls a secret, the defendant said, they would be "finished."  In order to keep the content of the calls their secret, the two would often change the subject when the child's grandmother was in the room and then continue speaking about sex after she left.  Additionally, the defendant worked to isolate the child from her grandmother.  The child expressed concern that, once she and the defendant had sex, her doctor would know and inform her grandmother, who would take away the child's cell phone and video games.  The defendant responded:

"I'm going to get you . . . anything you want . . . . Listen, you're not going to worry about [your grandmother] anymore. Pretty soon you're going to be swearing at her like 'Fuck you, you bitch! . . . .' And eventually she's gonna be so mad. She's gonna push you out. She's not even gonna want you there no more. Then I'm gonna scoop you up . . . ."

Unlike Buswell, 468 Mass. at 98, where the intended crime involved sexual contact between the defendant and child, here the completion of the crimes required that the child touch herself. The sexualized and manipulative telephone calls themselves were the overt acts that the defendant took toward the completion of the sexual assaults. Such "grooming" has as its ultimate goal "the formation of an emotional connection with the child and a reduction of the child's inhibitions in order to prepare the child for sexual activity." Commonwealth v. McDonagh, 480 Mass. 131, 135 n.6 (2018), quoting Commonwealth v. Christie, 89 Mass. App. Ct. 665, 673 n. 10 (2016). We disagree with the defendant that "[the child] alone" controlled whether any [touching] occurred." The evidence established probable cause to believe that in addition to the sexualized and manipulative telephone conversations, the defendant's promises to involve himself in the child's life and serve as a purported father figure in combination with his threats of re-abandonment carried powerful emotional weight in inducing her to touch herself. Cf. Commonwealth v. Carter, 474 Mass. 624, 634 (2016) (defendant's relationship with victim may have caused verbal

communications to carry more weight than mere words).  There was evidence presented to the grand jury that it was only her immediate circumstances while talking on the telephone (she was "in the car in front of KFC") that prevented the child from touching herself as directed by the defendant when she was thirteen years old, and that she in fact put her fingers in her vagina at the defendant's behest when she was fourteen years old.[4]  We thus conclude that the defendant came sufficiently close to realizing the target offenses to give rise to probable cause that the defendant took an overt act toward completion of the crimes.  Here, "the gravity of the conduct rises to the level which the[se] statute[s] [were] designed to prohibit." Portonova, 69 Mass. App. Ct. at 906, quoting Davidson, 68 Mass. App. Ct. at 74.

3.  Attempted indecent assault and battery on a person fourteen years of age or older.  Indecent assault and battery on a person fourteen years of age or older requires proof of the victim's lack of consent.  See  Commonwealth v. Butler, 97 Mass. App. Ct. 223, 232 (2020).  "The element of lack of consent in a prosecution for indecent assault and battery is the same as in a prosecution for rape." Commonwealth v. St. Louis, 473 Mass.

---

[4] As noted above, the victim later told prosecutors that she did not put her fingers in her vagina.  However, noncompletion of a crime is not an element of attempt.  See LaBrie, 473 Mass. at 763-764.

350, 361 (2015). The lack of consent analysis is "based on the totality of the circumstances." Commonwealth v. Shore, 65 Mass. App. Ct. 430, 433 (2006). Proof of lack of consent does not require "explicit verbal or physical rebuff." Id. The grand jury may consider multiple factors, including the "considerable age disparity between the defendant . . . and the victim . . . , and [the] obvious disparity in experience and sophistication." Commonwealth v. Castillo, 55 Mass. App. Ct. 563, 567 (2002). The inquiry includes "the entire sequence of events and acts of [the defendant] as it affected the victim's ability to resist." Commonwealth v. Sherry, 386 Mass. 682, 688 (1982), overruled on another ground by Commonwealth v. King, 445 Mass. 217 (2005).

Inherent in our conclusion that evidence of the defendant's emotional manipulation of the child was sufficient for the grand jury to find probable cause that he attempted to induce her physical actions is that the child's behavior was not fully volitional.[5] Nevertheless, the defendant's use of the child's

---

[5] Although each of the inducement cases cited earlier involved indecent assault and battery on a child under fourteen, the defendant suggests no reason why such inducement should not also be sufficient to support a charge of indecent assault and battery on a person fourteen or older. We therefore assume for present purposes that such inducement would be sufficient for a victim fourteen or older, provided of course that the Commonwealth also proves lack of consent, or lack of capacity to consent. Cf. St. Louis, 473 Mass. at 360-362 (where twenty-four year old victim had intellectual disability, and ample evidence showed lack of consent, her touching of defendant's penis was attributable to defendant as indecent assault and battery).

body as his own physical instrument does not necessarily equate to a lack of consent on her part. Proof of lack of consent requires more than evidence of inducement or persuasion. Cf. Suliveres v. Commonwealth, 449 Mass. 112, 115-118 (2007) (no rape where consent to sex is obtained through inducement by misrepresentation or fraud). Whether the sexual touching directed by the defendant after the child turned fourteen, if completed, would have been consensual is a question of fact. See Commonwealth v. Blache, 450 Mass. 583, 597 (2009) ("lack of consent was the principal . . . contested issue before the jury"). See also Commonwealth v. Urban, 450 Mass. 608, 613-614 (2008) (where main contested issue was whether complainant consented or was capable of consenting, consent was "central factual question [for] the jury's consideration").

"In order to give consent a person must . . . have the capacity to do so." Commonwealth v. Burke, 390 Mass. 480, 484 (1983). A physically incapacitated person may be deemed unable to have consented to sexual contact. See Blache, 450 Mass. at 590. Likewise, a person with an intellectual disability may have at least a diminished capacity to consent. See St. Louis, 473 Mass. at 361. Indeed, "[c]apacity to consent can be affected by a number of different factors, including intoxication, consumption of drugs, sleep, unconsciousness, head injury, and intellectual disability." Id. at 361 n.16. We see

no principled reason why the same analysis would not apply to a person's emotional or psychological capacity, at least where a defendant was aware or reasonably should have been aware of that person's circumstances. See Blache, supra at 594-595, 599. Whether emotional or psychological factors result in incapacity or inability to consent is a matter of degree that ultimately must be determined by the factfinder at trial. Here we review only whether there was probable cause to believe the child was incapacitated to that extent.

On its surface, the evidence presented to the grand jury in this case was that the child would have consented to the defendant's suggestions that she sexually touch herself, but there was also evidence that she lacked capacity to consent. In Carter, the defendant was able to "overpower[] the victim's will" because the victim was a "vulnerable, confused, mentally ill, eighteen year old." Carter, 481 Mass. at 363. Here, evidence of lack of capacity to consent include the defendant's age; the child's age; the parent-child relationship; the child's sense of abandonment; the child's mental illness and emotional vulnerability; the defendant's knowledge of the child's mental illness and emotional vulnerability; the defendant's promises to involve himself in the child's life and serve as a purported father figure in combination with his threats of re-abandonment; the defendant's efforts to sexually groom, manipulate, and

isolate the child; and the sexualized nature of the telephone calls. Together, these were sufficient to support probable cause that the child lacked the capacity to consent to the sexual touching that is the basis for the indictment of attempted indecent assault and battery on a person aged fourteen or older and that the defendant was aware of her lack of capacity.

The order allowing the defendant's motion to dismiss the indictments for attempted rape of a child, attempted indecent assault and battery on a child under fourteen, and attempted indecent assault and battery on a person aged fourteen or older is reversed and the indictments are to be reinstated.

<u>So ordered</u>.