GONZALEZ SANTOS, COMMONWEALTH vs., 100 Mass. App. Ct. 1

 
 COMMONWEALTH vs. GUSTAVO GONZALEZ SANTOS.

100 Mass. App. Ct. 1
 March 3, 2021 - July 9, 2021

Court Below: Superior Court, Essex County
Present: Rubin, Blake, & Lemire, JJ.

 

Rape. Indecent Assault and Battery. Evidence, Corroborative evidence. Witness, Corroboration.

At a criminal trial, the evidence presented at trial, which consisted of the credible, sworn testimony of the victim of the assault, who testified to facts that constituted each element of the charged offenses, was sufficient, standing alone, to support the defendant's convictions of rape of a child and indecent assault and battery on a child under the age of fourteen. [3-6]

INDICTMENTS found and returned in the Superior Court Department on November 1, 2017. 

 The cases were tried before James F. Lang, J.

 Robert A. O'Meara for the defendant.

 Kayla M. Johnson, Assistant District Attorney, for the Commonwealth.

 RUBIN, J. This case involves sufficiency of the evidence to support convictions of rape of a child and indecent assault and battery

 Page 2 

 on a child under the age of fourteen. The defendant was charged with rape of a child (count 1); aggravated rape of a child under the age of sixteen, ten-year age difference, to wit: penis in vaginal opening (count 2); indecent assault and battery on a child under the age of fourteen, to wit: mouth on mouth (count 3); and a second count of indecent assault and battery on a child under the age of fourteen, to wit: hand on penis (count 4). [Note 1] Following the close of the Commonwealth's case, the judge entered a finding of not guilty on count 3. The jury found the defendant guilty on count 1, rape of a child, and count 4, indecent assault and battery on a child under the age of fourteen. The jury found the defendant not guilty on count 2, aggravated rape of a child. We affirm.

 Background. The elements of rape of a child are "(1) sexual intercourse or unnatural sexual intercourse with (2) a child under sixteen years of age." Commonwealth v. Lawton, 82 Mass. App. Ct. 528, 533 (2012). Unnatural sexual intercourse includes oral intercourse. See Commonwealth v. Gallant, 373 Mass. 577, 584 (1977). The elements of indecent assault and battery on a child under the age of fourteen are "(1) the child was not yet fourteen years old at the time of the offense, (2) the defendant intentionally touched the child without legal justification or excuse, and (3) the touching was indecent." Commonwealth v. Colon, 93 Mass. App. Ct. 560, 562 (2018). A defendant who forces or induces a child to touch the defendant's body in an indecent manner satisfies the intentional touching element. See Commonwealth v. Davidson, 68 Mass. App. Ct. 72, 74-75 (2007). 

 At trial, the victim testified that she was thirteen years old when the alleged crimes occurred. Regarding the rape charge, she testified that the defendant entered her room at night, pulled down his pants, and "put his penis in [her] mouth." When asked what she did when he put his penis in her mouth, she said that she "pushed [her] head back," "took it out," and "told him to stop." Regarding the indecent assault and battery charge, the victim testified that as she was watching a movie in the living room with the defendant, he "grab[bed] [her] hand and put it under his pants" so that her hand touched his penis. She told him to stop, but he did not respond and kept her hand there until she moved away.

 The defendant's sole argument on appeal is that the evidence

 Page 3 

 was not sufficient to support his convictions. The defendant asserts that "there were no witnesses to the alleged assaults," "no physical evidence," "no medical or forensic evidence," and "no expert testimony." He argues that "there was absolutely no conclusive evidence presented at trial that suggested the [d]efendant's guilt beyond a reasonable doubt." 

 Discussion. As the defendant recognizes, in reviewing the sufficiency of the evidence, we ask whether, taking the evidence and all reasonable inferences that may be drawn therefrom in the light most favorable to the Commonwealth, any rational trier of fact could find that each of the essential elements of the crime has been proved beyond a reasonable doubt. See Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979). Notwithstanding the defendant's argument to the contrary, the victim's testimony, as credited by the jury and evidenced by their verdict, suffices to support the defendant's convictions. Surprisingly, the Commonwealth cites no case, nor have we found one, that simply states what we now hold: The sworn testimony of the victim of a sexual assault, including rape, is evidence of the facts asserted. The testifying victim is a witness. We reject the defendant's contention that corroborative, extrinsic, or forensic evidence, or expert or third-party witness testimony, is required to support a conviction of rape or sexual assault where the victim testified as a witness at the trial. Of course such evidence, if properly admitted, may corroborate the victim's testimony, but it is not required to sustain a conviction.

 Here, the victim testified to facts that constituted each element of the charged offenses. Her testimony, which the jury found to be credible, was sufficient, standing alone, to support a finding beyond a reasonable doubt as to each of the convictions. See, e.g., Commonwealth v. Lawrence, 68 Mass. App. Ct. 103, 104 (2007) ("The victim's testimony was sufficient evidence of [indecent assault and battery on a child under age fourteen]"); Commonwealth v. Gonsalves, 23 Mass. App. Ct. 184, 185 (1986) ("The victim's account of what the defendant did to him in the apartment was sufficient to overcome the defendant's motion for a required finding of not guilty of rape"). The idea that long infected our legal system that the victim's testimony in sexual assault and rape cases is less credible than the testimony of victims in cases involving other types of crimes -- an idea that reflected nothing more than sexism and an unwillingness on the part of our courts to treat sexual crimes as the gravely serious matter that they are -- has been rejected both by statute and by common law. 

 Page 4 

 Thus, our courts have rejected the idea long embedded in our law that victims of sexual assault are not to be believed unless they promptly complain to some third party. See Commonwealth v. King, 445 Mass. 217, 238, 240 (2005), cert. denied, 546 U.S. 1216 (2006), quoting People v. Brown, 8 Cal. 4th 746, 759 (1994) (stating that "[t]he overwhelming body of current empirical studies, data, and other information establishes that it is not inherently 'natural' for the victim to confide in someone or to disclose, immediately following commission of the offense, that he or she was sexually assaulted," and rejecting "stereotypical assumptions to the effect that victims will immediately disclose a sexual assault and that the absence of a timely complaint suggests fabrication of the assault"). Compare, under prior law, e.g., Commonwealth v. Izzo, 359 Mass. 39, 44 (1971) (Commonwealth has "duty" to demonstrate victim made "fresh [i.e., prompt] complaint"); Glover v. Callahan, 299 Mass. 55, 57 (1937) (unlike "the ordinary case," "where a female witness testifies as to a rape or similar assault upon her the mere absence of evidence of an earlier complaint discredits her. A legitimate argument against her credibility may be made solely on the basis of the absence of evidence of such a complaint"); Commonwealth v. Cleary, 172 Mass. 175, 176 (1898) (Holmes, J.) (referring to "rule that in trials for rape the government may or must prove that the woman concerned made complaint soon after the commission of the offense"). 

 Corroborative evidence, including "first complaint" evidence, is of course still admissible, see King, 445 Mass. at 230, but it is permitted in order to overcome, not give voice to, "the societal tendency to disbelieve sexual assault victims," id. at 229, quoting Commonwealth v. Licata, 412 Mass. 654, 658 (1992), and the "prejudicial misperception[]" "that 'real' victims will promptly disclose a sexual attack," King, supra at 238. Its purpose is to blunt the force of "juror bias," id. at 230, and where such evidence is introduced, the jury must now be instructed "that sexual assault complainants may delay reporting the crime for a variety of reasons," id. at 248. As the Supreme Judicial Court recently explained, "[in King], [w]e sought to disabuse the jury of the misapprehensions that '"real" victims will promptly disclose a sexual attack' and that 'the absence of a timely complaint suggests fabrication.'" Commonwealth v. Espinal, 482 Mass. 190, 206 (2019), quoting King, supra at 238, 240. Accord King, supra at 242 (eliminating requirement that first complaint testimony be "fresh" or prompt in part because, "[a]t a minimum, the promptness requirement places

 Page 5 

 the imprimatur of the court on the misimpression that most 'real' victims raise an immediate 'hue and cry'"). 

 Likewise, in 1977, the Legislature adopted our rape shield statute, abrogating the sexist common-law rule irrationally allowing the credibility of an alleged victim of rape to be challenged by evidence of the alleged victim's past sexual conduct, a rule once supported by the leading authorities on the law of evidence. [Note 2] See G. L. c. 233, § 21B. Compare, under prior law, e.g., Commonwealth v. McKay, 363 Mass. 220, 226 (1973), quoting Commonwealth v. Gardner, 350 Mass. 664, 668 (1966) (referring to "established rule in rape cases that, '. . . evidence of a general reputation for unchastity may be admitted in rape cases'"); Commonwealth v. Harris, 131 Mass. 336, 336 (1881) ("In a prosecution for rape, the character of the woman for chastity is involved in the issue, and may be impeached by general evidence of her reputation"). 

 Relatedly, although only in 1998, the Legislature amended the law with respect to the charge of drugging with intent to stupefy or overpower the victim in order to have unlawful sexual intercourse under G. L. c. 272, § 3, so that it can now be proved "upon the evidence of one witness only," even if the testimony of that witness is not, as required by G. L. c. 272, § 11, "corroborated in a material particular." See St. 1998, c. 232, § 4 (amending G. L. c. 272, § 11, so that it no longer applies to G. L. c. 272, § 3). [Note 3]

 Instead, today, two bedrock principles of our law are that alleged 

 Page 6 

victims of sex crimes are to be treated equally with other alleged victims of crime with respect to credibility, and that those against whom such crimes may or have been perpetrated are fully worthy of legal protection. 

 As would be true were this any other type of criminal case, therefore, the victim's testimony alone, believed as it was by the jury, suffices to support the defendant's convictions.

Judgments affirmed.

FOOTNOTES
[Note 1] The indictments charged counts 1, 3, and 4 as second or subsequent offenses. The Commonwealth entered a partial nolle prosequi on the second or subsequent offense portions of those counts. 

[Note 2] See, e.g., 3 Wigmore, Evidence § 924(a), at 459 (3d ed. 1940) ("There is, however, at least one situation in which chastity may have a direct connection with veracity, viz. when a woman or young girl testifies as complainant against a man charged with a sexual crime, -- rape, rape under age, seduction, assault. Modern psychiatrists have amply studied the behavior of errant young girls and women coming before the courts in all sorts of cases. Their psychic complexes are multifarious, distorted partly by inherent defects, partly by diseased derangements or abnormal instincts, partly by bad social environment, partly by temporary physiological or emotional conditions. One form taken by these complexes is that of contriving false charges of sexual offences by men. The unchaste [let us call it] mentality finds incidental but direct expression in the narration of imaginary sex-incidents of which the narrator is the heroine or the victim. On the surface the narration is straightforward and convincing. The real victim, however, too often in such cases is the innocent man; for the respect and sympathy naturally felt by any tribunal for a wronged female helps to give easy credit to such a plausible tale"). 

[Note 3] The Supreme Judicial Court recently explained that, although there is no statute of limitations in cases of child rape, under G. L. c. 277, § 63, any indictment filed more than twenty-seven years after the crime must be supported by submission to the grand jury of "independent evidence that corroborates the victim's allegation." See Commonwealth v. Buono, 484 Mass. 351, 356-361 (2020). Charges brought so many years after an offense, of course, present issues that are absent in this case. General Laws c. 272, § 11, apparently remains on the books, applying by its terms to charges under G. L. c. 272, §§ 2 (abduction of persons for purpose of prostitution or unlawful sexual intercourse), 4 (inducing person under age eighteen "of chaste life" to have unlawful sexual intercourse), and 6 (maintaining house of prostitution). There are no reported decisions involving the application of G. L. c. 272, § 11, to any of these three provisions, and no question about any of these statutes is before us. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.