NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-812

COMMONWEALTH

vs.

HATIM LAALAMI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial in the District Court, the defendant, Hatim Laalami, was convicted of one count of assault and battery on a family or household member.[1] On appeal, he argues that the judge (1) erred in denying his motion for a required finding of not guilty, and (2) abused her discretion in limiting cross-examination of the victim.[2] We affirm.

Background. Viewing the evidence in the light most favorable to the Commonwealth, the judge could have found the following facts. See Commonwealth v. Latimore, 378 Mass. 671,

---

[1] The judge found the defendant not guilty of strangulation and kidnapping.

[2] In his brief the defendant also argued that the judge considered inadmissible evidence at sentencing. At oral argument defense counsel advised that the defendant is not pursuing this issue. We accept this representation and do not address it further herein. See, e.g., Planned Parenthood League v. Operation Rescue, 406 Mass. 701, 712 n.10 (1990).

676-677 (1979).  On March 3, 2019, the victim and her husband (the defendant) were at their home in Burlington when the victim discussed a job opportunity with the defendant.  The opportunity involved her working in Morocco as an actress and playing the part of a married woman.  The defendant became "nervous and aggressive" and, at some point, pushed the victim into the bedroom closet, slapped her, pulled her hair, put his arm on her neck, and refused to allow her to leave the closet for several hours.

Discussion.  The defendant contends that the judge erred in denying his motion for a required finding of not guilty because the victim's testimony was uncorroborated and inconsistent.  We review the defendant's claim to determine "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Latimore, 378 Mass. at 677, quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979).

In the present case, the evidence was more than sufficient to meet the Commonwealth's burden.  The victim's testimony provided a specific and detailed description of an assault and battery by the defendant on a family member.[3]  While we agree

_____

[3] Contrary to the defendant's assertion, it is of no consequence that the victim's testimony was not corroborated by other physical or testimonial evidence because, as the defendant concedes, a victim's testimony alone may be sufficient to

2

that defense counsel, through skillful and thorough cross-examination, elicited inconsistencies between the victim's testimony and her earlier statements to law enforcement, it was the finder of fact's obligation to resolve those inconsistencies. See Commonwealth v. Lao, 443 Mass. 770, 779 (2005) ("If, from the evidence, conflicting inferences are possible, it is for the [fact finder] to determine where the truth lies, for the weight and credibility of the evidence is wholly within their province"). See also E.B. Cypher, Criminal Practice and Procedure § 37.10 (4th ed. 2014). The inferences supporting a conviction "need only be reasonable and possible and need not be necessary or inescapable" (citation omitted). Commonwealth v. West, 487 Mass. 794, 800 (2021). See Commonwealth v. Nelson, 370 Mass. 192, 203 (1976) (evidence need not require fact finder to draw inference; sufficient that evidence permits inference to be drawn).

Furthermore, the judge, as sole and exclusive fact finder and judge of credibility, had the authority to "believe all of what a witness said, some of what a witness said, or none of what a witness said."[4] Commonwealth v. Wood, 90 Mass. App. Ct.

---

support a finding of guilt beyond a reasonable doubt. See, e.g., Commonwealth v. Santos, 100 Mass. App. Ct. 1, 3 (2021).

[4] As noted above, the judge found the defendant not guilty of kidnapping and strangulation, which suggests that the judge indeed credited some, but not all of the victim's testimony. See note 1, supra.

3

271, 286 (2016).  See Commonwealth v. Kerns, 449 Mass. 641, 650 n.13 (2007), quoting Commonwealth v. Ortiz, 431 Mass. 134, 141 (2000) (judge in jury-waived trial presumed to have "correctly instructed [her]self" on law, absent contrary indication). Accordingly, the judge did not err in denying the motion for a required finding of not guilty.

The defendant also contends that the judge abused her discretion by limiting his cross-examination of the victim. Specifically, defense counsel sought to inquire about the victim's cellular telephone (cell phone) during trial, and perhaps have the victim examine the cell phone to demonstrate that her Google "application" or "app" could show her location on the date of the incident.[5]

A defendant is entitled to reasonable cross-examination of witnesses against him, but the scope of cross-examination rests in the sound discretion of the trial judge.  See Commonwealth v. Avalos, 454 Mass. 1, 7 (2009).  "The burden of showing an abuse of that discretion, an abuse that must be shown on the trial

_____

[5] Pursuant to Mass. R. A. P. 8 (e) (3), as appearing in 481 Mass. 1611 (2019), the parties filed a stipulation, which the judge adopted after making her own findings and revisions.  The stipulation reconstructed an inaudible sidebar in which the judge ruled that in the absence of a pretrial motion to obtain the victim's cell phone records, "it was inappropriate to make the witness take out and search her phone during trial."  See Mass. G. Evid. § 1119(c) (2021) (discussing presentation and preservation of digital evidence).

4

record, rests on the party claiming it, in this case [the defendant]" (citation omitted). Id.

Here, the defendant cannot show any abuse of discretion. We begin by noting that the victim testified that, on the date of the incident, she used the defendant's cell phone, but at the time of trial she no longer had his cell phone in her possession and had her own separate cell phone. She further testified that she did not install on her new cell phone the Google application that could track her location on any given day. Furthermore, the defendant did not contend -- at trial or on appeal -- that the victim still possessed the defendant's cell phone at the time of trial. Thus, the proffer at trial amounted to a speculative suggestion that the victim had used the defendant's cell phone on the date of the incident; that a Google application had been installed on the defendant's cell phone; that it was conceivable that the victim had somehow transferred that application onto her own cell phone between the date of the incident and the date of trial; and that through that application the victim's new cell phone would somehow contain data showing her location at the time of the incident. We have little difficulty concluding that the defendant's claim is speculative at best and without sufficient foundation to demonstrate that the judge abused her discretion in limiting this proposed cross-examination. This was a classic

5

discretionary call.  In view of the speculative nature of the proposed inquiry, we discern no abuse of discretion and no evidentiary or constitutional violations in the judge's ruling. See Commonwealth v. Jackson, 419 Mass. 716, 727 (1995).

Judgment affirmed.

By the Court (Neyman, Grant & Hershfang, JJ.[6]),

Joseph F. Stanton

Clerk

Entered:  May 24, 2023.

---

[6] The panelists are listed in order of seniority.