NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

20-P-758

COMMONWEALTH

vs.

RUDY MORALES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of rape of a child aggravated by a five-year age difference.  Finding there was sufficient evidence to support the conviction, we affirm.

> "[I]n reviewing the sufficiency of the evidence, we ask whether, taking the evidence and all reasonable inferences that may be drawn therefrom in the light most favorable to the Commonwealth, any rational trier of fact could find that each of the essential elements of the crime has been proved beyond a reasonable doubt."[1]

Commonwealth v. Santos, 100 Mass. App. Ct. 1, 3 (2021), citing

Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979).  Here, the victim testified that when she was about ten years old, the defendant (an adult family friend) raped her at his home.  That

---

[1] The offense required proof that:  (1) the defendant had sexual intercourse (2) with a victim under twelve years of age, and (3) there existed more than a five-year age difference between the defendant and the victim.  G. L. c. 265, § 23A (a).

"testimony, which the jury found to be credible, was sufficient, standing alone, to support a finding beyond a reasonable doubt."[2] Santos, supra.

The defendant nevertheless argues that the evidence was insufficient because the victim had a potential reason to lie, namely that as a rape victim, she could pursue a so-called "U-Visa" that would allow her and her family to stay in the United States.[3]  See Commonwealth v. Sealy, 467 Mass. 617, 621-623 (2014) (providing overview of U-Visa application process).  The U-Visa issue provided the defendant a legitimate basis to attempt to impeach the credibility of the victim and her mother who also had testified.  See supra, note 3.  However, the extent to which any of the Commonwealth's witnesses was biased was a

---

[2] Although not necessary, the Commonwealth also presented circumstantial evidence, including the testimony of the victim's mother, that corroborated much of the victim's testimony.  See Santos, 100 Mass. App. Ct. at 4 ("Corroborative evidence . . . is of course still admissible, but it is permitted in order to overcome, not give voice to, the societal tendency to disbelieve sexual assault victims" [quotations and citations omitted]).

[3] The parties stipulated that the victim's mother had a U-Visa application pending at the time of trial with the same District Attorney's office that was prosecuting this case.  The mother testified that after school officials brought to her attention the victim's rape disclosure, the school put her in touch with an immigration lawyer.  That lawyer assisted with the U-Visa application.  Although the immigration status of the victim and her mother is not clearly established in the record, the jury reasonably could have concluded that the family may have been here illegally and that obtaining the U-Visa would have allowed them to stay in the country.

2

factual question for the jury to resolve.  See Sealy, supra at 624-625 (weight to give victim's potential motive to lie was question for jury).  See also Commonwealth v. Patton, 458 Mass. 119, 131 (2010) (where probationer alleged that child rape victim lied because probationer had "refused to give her ice cream," it was "a matter for the [fact finder] to decide how much weight to give the evidence").  The defendant's claim that, as a matter of law, the presence of the U-Visa issue created reasonable doubt that precluded a guilty finding is simply an incorrect statement of the law.[4]  See Commonwealth v. O'Laughlin, 446 Mass. 188, 203 (2006) ("if the Commonwealth has presented sufficient evidence that the defendant committed the crime, the fact that the defendant has presented evidence that he did not does not affect the sufficiency of the evidence unless the contrary evidence is so overwhelming that no rational jury could conclude that the defendant was guilty").  Because it was up to the jury to assess whether the victim was telling the truth, her testimony that the defendant raped her sufficed to support the jury's verdict.  The judge did not err in denying the

---

[4] This is true whether the U-Visa issue is considered on its own, or in combination with the victim's age and the one-year delay in her reporting the rape.

3

defendant's motions for a required verdict.

                                        Judgment affirmed.

                                        By the Court (Milkey, Walsh &
                                          Smyth, JJ.[5]),

                                        _Joseph F. Stanton_

                                        Clerk


Entered:  June 1, 2023.

---

[5] The panelists are listed in order of seniority.

4