NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-737

R.N.

vs.

Y.G.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Y.G., appeals from a one-year abuse prevention order issued by a District Court judge pursuant to G. L. c. 209A (209A order). She argues that there was an insufficient factual basis for the order. We affirm.

Background. In support of his application for a 209A order, the plaintiff, R.N., alleged that he was in fear for his safety due to the erratic and violent outbursts of the defendant as well as her threat to shoot him and to send her boyfriend to kill him. The judge issued an ex parte order.

At the two-party hearing held in March 2023, the judge heard testimony from both parties. The plaintiff alleged that he was "terrified" and "scared" because the defendant had a

firearm license and told him that she was "going to shoot [him] in the kneecap." The defendant denied the allegations and claimed that the plaintiff sought the order in retaliation for a 209A order that she had previously obtained against him. Crediting the plaintiff's testimony, the judge extended the 209A order for one year, and the defendant now appeals claiming that the judge erred by issuing an order with an insufficient factual basis.

Discussion. At an initial two-party hearing, "[t]he burden is on the [plaintiff] to establish facts justifying the issuance and continuance of an abuse prevention order." Frizado v. Frizado, 420 Mass. 592, 596 (1995). "An ex parte order is entitled to no weight and the issues must be relitigated anew at the hearing after notice if the defendant appears." Yasmin Y. v. Queshon Q., 101 Mass. App. Ct. 252, 258 n.11 (2022). "Although it is not expressly stated in G. L. c. 209A, it follows from custom and practice in civil cases that a G. L. c. 209A plaintiff must make a case for relief by a preponderance of the evidence." Frizado, supra at 597. "We review the issuance of an order pursuant to G. L. c. 209A for an abuse of discretion or other error of law." E.C.O. v. Compton, 464 Mass. 558, 561-562 (2013). A judge's discretionary decision constitutes an abuse of discretion where the judge makes a "clear error of judgment" that "falls outside the range of

2

reasonable alternatives" (citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

The defendant's claim is foreclosed by the judge crediting the plaintiff's testimony. In particular, the plaintiff testified that he was "terrified" and "scared" because the defendant had a firearm license and told him that she was "going to shoot [him] in the kneecap." See G. L. c. 209A, § 1 (abuse includes "placing another in fear of imminent serious physical harm"). Given the circumstances presented, including the defendant's testimony that she just recently had her firearm license returned, such a fear was reasonable. See Iamele v. Asselin, 444 Mass. 734, 737 (2005). "Credibility determinations and an evaluation of the sufficiency of all the evidence are matters for the hearing judge to decide." S.T. v. E.M., 80 Mass. App. Ct. 423, 429 (2011). We accord the "utmost deference" to credibility determinations of the judge who heard the testimony and observed the demeanor of the witnesses (citation omitted). Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 394 (2022).

Contrary to the defendant's contention on appeal, the person seeking the order need not provide more tangible proof of abuse beyond credible testimony. See Commonwealth v. Santos, 100 Mass. App. Ct. 1, 3 (2021) (credible testimony "standing alone" is sufficient to meet burden of proof). Here, the judge

3

carefully considered the parties' competing testimony and credited that offered by the plaintiff.  No additional evidence was required.  "At bottom, the judge had the benefit of evaluating the plaintiff's credibility through [his] testimony and demeanor, and [the judge] was entitled to credit [his] testimony concerning [his] fear."  Constance C., 101 Mass. App. Ct. at 397.  Our limited role as a reviewing court is not to reassess credibility determinations or to decide whether we would have issued the order in the first instance; rather, our appellate role is to review the record for "an abuse of discretion or other error of law."  E.C.O., 464 Mass. at 561-562.  We discern neither.

Abuse prevention order dated March 21, 2023, affirmed.

By the Court (Meade, Englander & Hodgens, JJ.[1]),

_Paul Little_

Clerk

Entered:  August 26, 2024.

---

[1] The panelists are listed in order of seniority.