NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1476

COMMONWEALTH

vs.

RAMON RODRIGUEZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Ramon Rodriguez appeals his conviction of indecent assault and battery on a child under the age of fourteen, second offense, arguing that a Superior Court judge erred in denying his motion for a required finding of not guilty.  Because we conclude that, viewing the evidence in the light most favorable to the Commonwealth, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we affirm.

Background.  In 2012, the defendant sexually assaulted the victim, A.R., when A.R. was nine years old.  In 2018, a grand jury indicted the defendant on a charge (among others not relevant here) of indecent assault and battery on a child under

fourteen, second offense, pursuant to G. L. c. 265, §§ 13B, 13B 3/4. The defendant waived his right to a jury, and a judge found him guilty after a trial in 2023. The defendant subsequently pleaded guilty to the second offense portion of the indictment. The judge sentenced the defendant to the mandatory minimum sentence of fifteen years, with a maximum term of fifteen years and one day.

At trial, A.R. testified that, when she was about nine years old, she occasionally went with her half-brother (R.R., the defendant's son with A.R.'s mother) to the home of the defendant's then-girlfriend. On these occasions, R.R. would visit the defendant, and A.R. would play with the girlfriend's daughter. A.R. recounted being at this house, playing a video game alone in the daughter's bedroom, when the defendant came into the room, closed the door, and sexually assaulted her. He first put his hand on her thigh under her skirt, then rubbed his hand inside her underwear, and finally removed her underwear and continuously touched her vaginal area for about fifteen minutes. A.R. further testified to being scared to tell her mother what had happened, fearing getting in trouble or not being believed. When she did tell her mother shortly after the incident, the mother repeatedly asked A.R. if she was telling the truth, to the point where A.R. "backtracked" and "just said it didn't

2

happen" because she felt that "all the adults" did not believe her.

A.R.'s mother also testified, corroborating that A.R. and R.R. would visit the defendant together when the defendant was living with his then-girlfriend. The Commonwealth's final witness, an expert research psychologist, testified as to factors that affect children in disclosing, not disclosing, or recanting their accounts of sexual abuse. After the Commonwealth rested, the defendant moved for a required finding of not guilty, which the judge denied.

The defendant -- the only witness for the defense -- testified that he never lived with his then-girlfriend, that A.R.'s mother never brought either A.R. or R.R. to visit him, and that he never assaulted A.R. The defendant then renewed his motion for a required finding, which the judge again denied. Throughout the trial, the defendant attempted to discredit the Commonwealth's witnesses, arguing that the allegations against him were fabricated, possibly with the encouragement of A.R.'s mother, perhaps to gain leverage in a dispute over child support. Despite these efforts and arguments, the judge found the defendant guilty.

Discussion. We review the denial of a motion for a required finding of not guilty to determine "whether, after viewing the evidence in the light most favorable to the

3

prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979).  In making this determination, we keep in mind that "[t]he weight and credibility of the evidence is the province of the [finder of fact]."  Commonwealth v. Dubois, 451 Mass. 20, 28 (2008).

Here, the victim testified to facts that corresponded to each element of the offense; the defendant does not argue otherwise, and he acknowledges that the judge credited the victim's testimony.  The decision to do so belongs to the judge, not to us.  The defendant already argued at trial that the victim should not be credited, because of possible parental manipulation, her allegations not initially being believed, and the absence of certain corroborating evidence.  The judge was not persuaded, and we will not second guess his determination.

Although the defendant further argues that "other incriminating evidence beyond that presented in this case is necessary" to prove his guilt, he cites no supporting authority. "[T]o the contrary, the victim's testimony, as credited by the [trier of fact] and evidenced by the[] verdict[], suffices to support the defendant's convictions."  Commonwealth v. Gonzalez Santos, 100 Mass. App. Ct. 1, 3 (2021).  Additional evidence, including expert or third-party witness testimony, "may

4

corroborate the victim's testimony, but it is not required to sustain a conviction."[1]  Id.

Nor do we find persuasive here the defendant's due process-based argument that the delay between the alleged offense and the indictment made it more difficult to mount a defense.  The defendant does not provide any examples of specific prejudice that he suffered from the passage of time here, arguing instead in hypotheticals.  He does not demonstrate, or even argue, that any specific evidence was lost or that any witnesses were unavailable because of the passage of time.  Cf. Commonwealth v. George, 430 Mass. 276, 281 (1999) ("to be entitled to dismissal of the indictments due to a preindictment delay, the defendant must demonstrate that he suffered substantial, actual prejudice to his defense, and that the delay was intentionally or recklessly caused by the government").  In G. L. c. 277, § 63, the Legislature has set outer limits on the passage of time between offenses and prosecutions for those offenses.  Those limits were not exceeded here.

Equally unavailing is the defendant's argument that the delay "significantly weakens the ability to establish the

---

[1] The defendant also fails to mention that A.R. was not the only witness for the Commonwealth.  A.R.'s mother provided corroborating testimony, and the expert's testimony about disclosure and recantation of abuse allegations assisted the judge in assessing A.R.'s credibility.

5

truth." Certainly, evidence can be lost with time. This is, however, as much a problem for the Commonwealth as it is for the defendant. It is the Commonwealth that bears the burden of proof beyond a reasonable doubt, which remains unchanged regardless of the passage of time. See Barker v. Wingo, 407 U.S. 514, 521 (1972). Here, the judge as the finder of fact was free to consider the passage of time in his determination of each witness's credibility; due process requires nothing more in these circumstances. Taking the evidence in the light most favorable to the Commonwealth, a rational trier of fact could find the victim credible and her testimony sufficient to prove all of the essential elements of the crime beyond a reasonable doubt, even when taking into account the amount of time between the alleged offense and the trial.

Judgment affirmed.

By the Court (Massing, Sacks & Allen, JJ.[2]),

Clerk

Entered: November 25, 2025.

---

[2] The panelists are listed in order of seniority.