NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-439

J.T.T.R.

vs.

M.M.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the one-year extension of an abuse prevention order issued in favor of the plaintiff by a judge in the District Court.  See G. L. c. 209A.  We affirm.

Background.  The plaintiff obtained an ex parte abuse prevention order pursuant to G. L. c. 209A in October 2024.  It was extended later that month at a hearing after notice (extension hearing) at which both parties testified.  In support of her request, the plaintiff submitted an affidavit at the time of the initial hearing and a supplemental affidavit at the extension hearing.  In her supplemental affidavit, the plaintiff stated that an abuse prevention order was necessary to protect her from the defendant because she feared continued emotional,

physical, and sexual harm.  She described a dating relationship in which the defendant forced her to have sex, would not allow her to talk to other people in her apartment, threatened her if she went out socially without him, and forbade her from talking about their relationship.

The plaintiff stated in her supplemental affidavit that the defendant always kept a firearm with him and brought it to her home, despite the plaintiff stating that it made her feel unsafe.[1]  The defendant told her that he did not like her roommates, was a professional fighter, "could take on both [roommates] at the same time," and "could finish [them] off."  She testified that the defendant made her hold a shotgun, and that he would "grab" it and "take it around the house."

The plaintiff explained in her affidavit that she sought the abuse prevention order after an incident resulting in police response, when the plaintiff and her roommates asked the defendant to leave the apartment, and he refused.  She stated that when they asked him to return the keys, he moved his hands toward his waist and lifted up his sweater where he kept his gun.  When she grabbed the keys in his hand, he squeezed her hand hard enough to break her fingernails.  She stated in her affidavit, "I am so terrified of this man and believe that he is

---

[1] At the time, the defendant was a registered firearm owner and he possessed an active license to carry.

capable of anything . . . . If my restraining order is terminated, I believe that [the defendant] will do anything in his power to get back into my life and continue to demean, manipulate, and abuse me."

At the extension hearing, the defendant's counsel presented text messages between the parties wherein the plaintiff discussed the allocation of rent and rules for the apartment, and expressed affection for the defendant. The defendant's counsel cross-examined the plaintiff with these messages, attempting to impeach her affidavits, to which the plaintiff testified that the defendant "would always . . . oblige [her] to answer the way he wanted [her] to answer, because if [she] didn't, he would get angry," and that she sent the defendant a text message about the division of rent only after he had been living with her for about a month without paying rent. She also testified that the fact that she sent a text message stating she was thankful for her relationship with the defendant "doesn't mean [she] thought that." During his testimony, the defendant denied many of the plaintiff's allegations.

At the conclusion of the hearing, the judge credited the plaintiff's testimony and affidavits and did not credit the defendant's testimony. The judge extended the order for one year, and this appeal followed.

Discussion.  The defendant argues:  (1) that the plaintiff failed to meet her burden to show by a preponderance of the evidence that she suffered from abuse, see G. L. c. 209A, § 1 (defining abuse as one or more of the following acts between family or household members:  "[a] attempting to cause or causing physical harm; [b] placing another in fear of imminent serious physical harm; [c] causing another to engage involuntarily in sexual relations by force, threat or duress; [d] coercive control"); (2) that the plaintiff did not show that her fear of the defendant was reasonable; (3) that the judge erroneously credited the plaintiff's allegations of sexual abuse (and that even if credible, the extension order was not necessary to protect her from the impact of that abuse); and (4) that the plaintiff provided no evidence justifying a continued need for the extension order.  We are not persuaded.

"Whether seeking an initial abuse prevention order under G. L. c. 209A or a later extension, the burden is on the plaintiff to establish facts justifying issuance, or continuance, by a preponderance of the evidence."  Callahan v. Callahan, 85 Mass. App. Ct. 369, 372 (2014).  "We review the issuance of an order pursuant to G. L. c. 209A for an abuse of discretion or other error of law.  We accord the credibility determinations of the judge who heard the testimony of the parties [and] observed their demeanor . . . the utmost

4

deference" (quotations and citations omitted).  Yahna Y. v.

Sylvester S., 97 Mass. App. Ct. 184, 185 (2020).

Here, the judge credited the plaintiff's testimony and

affidavits, and did not credit the defendant's testimony.  See

Iamele v. Asselin, 444 Mass. 734, 739-741 (2005).  Corroboration

of the plaintiff's testimony was not required.  Cf. Commonwealth

v. Gonzalez Santos, 100 Mass. App. Ct. 1, 3 (2021) ("The sworn

testimony of the victim of a sexual assault, including rape, is

evidence of the facts asserted").  The evidence was sufficient

to show that the plaintiff was in reasonable fear of imminent

serious physical harm under the totality of the circumstances.

See Iamele, supra at 740-741.  While this alone would be

sufficient to affirm the extension order, we further discern no

abuse of discretion in the judge's decision to credit the

plaintiff's allegations of sexual abuse.  The plaintiff's

continued need for the order because of the impact resulting

from the sexual abuse she experienced served as an independent

basis to affirm the extension order.  See <u>Callahan</u>, 85 Mass. App. Ct. at 374.

<u>Order dated October 18, 2024,
extending G. L. c. 209A
order affirmed</u>.

By the Court (Henry, Sacks &
Tan, JJ.[2]),

Clerk

Entered:  December 15, 2025.

---

[2] The panelists are listed in order of seniority.